20 So.2d 510

**APPLEBAUM v. ZEIGLER et al.**

**6 Div. 257.**

Supreme Court of Alabama.

Jan. 11, 1945.

J. Haran Lowe, of Ensley, and Victor H. Smith, of Birmingham, for appellant.

Spain, Davies, Gillon, Grooms & Young, of Birmingham, for appellees.

BROWN, Justice.

This is an action of assumpsit by appellee against the appellant,—for breach of contract, and for work and labor performed. The complaint consists of two counts, the first is special assumpsit, and the second on the common count.

The defendant demurred to the first count. and her demurrer was overruled. Said count avers: "That on or about the 15th day of March, 1943, the Defendant employed the Plaintiffs, who are licensed real estate brokers doing business in the City of Birmingham, Alabama, to obtain for her a purchaser for a certain piece of real estate situated in the City of Birmingham, Alabama, to-wit: Lots 13, 14, 15, 16, 17 and 18 in Block 21 J, Ensley, together with the improvements thereon, at a price of Twenty Thousand and no/100 ($20,000.00) net to the Defendant, and agreed with the Plaintiffs that they should be paid for their services five per centum (5%) of the net purchase price, and the Plaintiffs aver that they did within a reasonable time thereafter, on to-wit April 6, 1943, and while said agreement was in full force and effect, obtain a purchaser for said property, to-wit, Charles Thompson, at and for the sum of Twenty-one Thousand and no/100 ($21,000.00) Dollars, in cash, which after payment of the commission of One Thousand and no/100 ($1,000.00) Dollars to the Plaintiffs, would net the Defendant Twenty Thousand and no/100 ($20,000.00) Dollars, and that the said Charles Thompson made an offer in writing to the said Dora Applebaum for said property on said terms, and the said Charles Thompson was ready, willing and able to perform said offer.

"Plaintiffs further aver that said offer in writing was presented to the Defendant on the 6th day of April, 1943, and the Defendant refused to accept the same, and the Plaintiffs then and there demanded of the Defendant the sum of One Thousand and no/100 ($1,000.00) Dollars as commission for procuring said offer.

"Plaintiffs further aver that notwithstanding the premises, the Defendant has wholly failed and neglected to pay them the sum of One Thousand and no/100 ($1,000.00) Dollars commission."

Though this count may be subject to the demurrable defect that it fails to aver that the plaintiffs undertook and engaged to obtain a satisfactory purchaser, and for assuming that $1,000 was five per cent of the net purchase price, it does by fair in-

tendment show that plaintiffs were so obligated, and it was not subject to the stated grounds of demurrer. Therefore, the court did not err in overruling the demurrer. Code 1940, Tit. 7, § 236.

The burden was on the plaintiffs under the averments of the complaint to show that they found and tendered the purchaser who was ready, willing and able to purchase the property on the defendant's terms, and that they were licensed brokers authorized by law to procure such purchaser. Code 1940, Tit. 46, § 298.

The trial was before the court sitting without a jury. The evidence given ore tenus was in sharp conflict on the question as to whether or not the defendant employed plaintiffs or listed the property with the plaintiffs for sale or otherwise. The plaintiffs' evidence tended to support that hypothesis while that offered by the defendant was to the contrary. Therefore, this question of fact will be resolved in favor of the conclusion reached by the trial court. Willis v. Excello Bottling & Ice Co., 202 Ala. 513, 81 So. 15.

Viewing the plaintiff's testimony in its favorable lights, the most it shows or tends to show was that the defendant listed the property with them for sale for a price net to her of $20,000, which she subsequently raised to $21,000. Nothing was shown in respect to the amount of commission to be paid, as to who, if anyone, was obligated to furnish an abstract of title, that the title was to be insured or as to the character of conveyance to be made. Nor does the evidence show that the contract or listing made by defendant authorized plaintiffs to broadcast the listing or employ any other broker or agent to procure a purchaser. Nor does it show that the plaintiffs were duly licensed brokers or that the broker whose contract was tendered was such licensed qualified broker.

The evidence is without dispute that the purchaser procured by a third person, and tendered to the defendant, required her to furnish an abstract of title, or an insurance policy, insuring the merchantability of the title, and that she execute a warranty deed and sign a contract agreeing to pay a commission of five per cent of the purchase price, and that the defendant refused to sell to said purchaser on the terms stated in his written proposal.

The seller, in absence of express contract, is not obligated to furnish an abstract of title or insure the title, and in the absence of stipulations requiring the seller to do so, the purchaser must provide his own abstract or insurance. Baker v. Howison, 213 Ala. 41, 104 So. 239, 52 A.L.R. 1452.

This is not a case where a sale was perfected and the property owner benefited. The proposal of Thompson was more onerous than the contract with plaintiffs contemplated and defendant was within her legal rights in refusing to accept the proposal.

The undisputed evidence shows plaintiffs failed to find and present to defendant a purchaser who was willing to purchase on defendant's terms. Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

The judgment of the circuit court is reversed and one will be here rendered in favor of the defendant.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.